UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-00198 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHAEL A. WEBB | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Michael A. Webb ("Webb"). See Record Document 40. The United States of America ("the Government") opposes the motion. See Record Document 45. For the reasons set forth below, Webb's motion is **DENIED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On January 21, 2015, Webb pleaded guilty to one count of distribution of child pornography, pursuant to a written plea agreement. See Record Documents 17 & 18. On April 29, 2015, Webb was sentenced to 188 months imprisonment followed by five years of supervised release. See Record Documents 22 & 23. On May 5, 2015, Webb filed a notice of appeal with the Fifth Circuit. See Record Document 26. On March 10, 2016, the Fifth Circuit dismissed the appeal as frivolous. See Record Document 39.

On May 5, 2019, Webb filed out a form Motion to Vacate, Set Aside or Correct Sentence, to which he attached a copy of his Petition for Writ of Certiorari to the Supreme Court of the United States, also dated May 5, 2019. See Record Document 40. The Motion to Vacate, Set Aside or Correct Sentence was later filed into the record on July 26, 2019. See id. The Government filed a response to Webb's motion on September 27,

2019. See Record Document 45. The Supreme Court subsequently denied Webb's petition for a writ of certiorari on October 7, 2019. See Record Document 46.

Webb asserts four grounds in his Motion to Vacate, Set Aside or Correct Sentence: (1) ineffective or deficient assistance of counsel; (2) illegal sentence in excess of guidelines and 18 U.S.C. § 3553; (3) ambiguous plea; and (4) violation of movant's constitutional rights. See Record Document 40. The Government argues that, regardless of the merits, the motion should be denied as untimely. See Record Document 45.

## LAW AND ANALYSIS

### I.   Legal Standards

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting United States v. Frady, 102 S. Ct. 1584, 1592 (1982)). Relief under Section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Section 2255 is not a substitute for direct appeal. See United States v. McGrew, 397 Fed. Appx. 87, 91 (5th Cir. 2010). Indeed, if a claim is not raised on direct appeal, a Section 2255 movant "may not raise it on collateral review unless he shows cause and prejudice or that he is actually innocent." Scruggs, 691 F.3d at 666 (citation omitted). Issues raised and settled on direct appeal are also not cognizable in a Section 2255. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); United States v. Fields, 761 Fed. Appx. 443, 466 (5th Cir. 2014).

The statute of limitations for Section 2255 filings is one year. See 28 U.S.C. § 2255(f). It begins to run from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The statute of limitations for Section 2255 is not a jurisdictional bar, and thus is subject to equitable tolling. See United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). However, equitable tolling is only appropriate in "rare and exceptional circumstances." Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002). It "is not intended for those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).

II.   Analysis

The Government argues that under any of the four provisions of Section 2255(f), Webb's motion is untimely. See Record Document 45 at 3. The Government primarily asserts that Webb's motion is untimely because it was filed more than one year after Webb's conviction became final. See id. Where a defendant has pursued a direct appeal, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction" or when the petition for certiorari is denied. Clay v. United States, 537 U.S. 522, 525, 123 S. Ct. 1072, 1074 (2003); United States v. Plascencia, 537 F.3d 385, 389 (5th Cir. 2008). A defendant has

ninety days from the appellate court's decision to file a petition for writ of certiorari to the Supreme Court. See U.S. Sup. Ct. R. 13. Thus, the Government argues that Webb's conviction became final ninety days after the Fifth Circuit dismissed Webb's appeal as frivolous, because ninety days marked the deadline for Webb to file a petition for writ of certiorari to the Supreme Court. See Record Document 45 at 3.

This Court agrees with the Government that Webb's motion is untimely, despite the Government's mistaken assertion that Webb failed to file a petition for writ of certiorari to the Supreme Court. See id. As is clear from Exhibit 1 attached to the motion, Webb did file a petition with the Supreme Court. See Record Document 40 Ex. 1. However, this petition itself was untimely filed, and thus this Court finds that Webb's petition cannot extend the statute of limitations under Section 2255. Because the Fifth Circuit dismissed Webb's appeal on March 10, 2016, the petition for certiorari filed on May 5, 2019, was filed outside of the ninety-day appeals period and is therefore untimely. See Record Documents 39 & 40; U.S. Sup. Ct. R. 13. "[T]he mere filing of a late notice of appeal is not sufficient ... to render a conviction nonfinal for purposes of § 2255." United States v. Bivens, No. 2:13-CR-224, 2018 WL 2373233, at *2 (W.D. La. Mar. 26, 2018), report and recommendation adopted, No. 2:13-CR-0224, 2018 WL 2348539 (W.D. La. May 23, 2018) (quoting Johnson v. United States, 457 Fed. Appx. 462, 465 (6th Cir. 2012)). "If the filing of an untimely notice of appeal reset the running of the limitations period, the statute of limitation[s]…would be rendered…meaningless." Johnson, 457 Fed. Appx. at 466. This Court agrees with the Sixth Circuit's opinion in Johnson and finds that an untimely-filed petition for certiorari cannot extend the statute of limitations period for Section 2255 actions. Thus, Webb's conviction became final ninety days after the Fifth Circuit

dismissed Webb's appeal on March 10, 2016, rather than when the Supreme Court denied his petition on October 7, 2019. Thus, the one-year limitations period began to run ninety days after March 10, 2016, and this Section 2255 motion, which was filed in 2019, is therefore untimely.

This Court also agrees with the Government that the other provisions of Section 2255(f) do not apply here. Webb has alleged neither a governmental action precluding him from filing his motion, nor a Supreme Court case affecting his conviction. See Record Documents 40 & 45. Further, Webb has not argued that equitable tolling should apply to his motion. See id. The burden is on the defendant to establish that equitable tolling applies, and the defendant must demonstrate that he has diligently pursued relief. See Phillips v. Donnell, 216 F.3d 508, 511 (5th Cir. 2000); Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999). Because Webb has failed to demonstrate the applicability of these provisions of Section 2255(f), his motion remains untimely filed and must be denied.

## CONCLUSION

For the stated reasons, Webb's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts. Unless a certificate of appealability issues, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the

applicant has failed to demonstrate a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2255(c)(2).

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this <u>6th</u> day of <u>October</u>, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT